IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNY WELCH,

    Plaintiff,
v.                                                CASE NO. 5:17-cv-42-MCR-GRJ

CARTER, et al.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a Complaint, ECF No. 1. Plaintiff failed to pay either the $400.00 civil case filing fee or file a motion for leave to proceed as a pauper. Because the Complaint is due to be dismissed for abuse of the judicial process, the Court will not require Plaintiff to correct these deficiencies prior to dismissal.

The allegations of the Complaint stem from the conditions of confinement at Holmes CI. Plaintiff alleges that he has been harassed in various ways at Holmes CI due to issues relating to an officer at Walton CI who committed "official misconduct" in order to harm Plaintiff. Plaintiff alleges that he should not have been transferred to a prison in the same region. He contends that Holmes CI officers have retaliated by filing false disciplinary reports against him. Plaintiff seeks compensatory and punitive

damages.  ECF No. 1.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 8.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-4 (emphasis added).  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff specifically identified the following cases: *Welch v. Walton CI*, Case No. 3:16-cv-590-LC-CJK (pending civil rights case); and *Welch v. Jones*, Case No. 1:16-cv-285-WTH-CAS (pending habeas corpus case).  Plaintiff provided only partial

information for a case filed and dismissed in 2007 for "unknown" reasons, with no details or case number provided, and a case filed and dismissed in 2013 with no identifying details provided.

A review of the Court's PACER case index reflects that in addition to the two cases that Plaintiff specifically identified, Plaintiff has filed the following three federal civil rights cases that were dismissed: *Welch v. Hazeleaf*, Case No. 1:09-cv-146-MP-GRJ (N.D. Fla. 5/23/11) (dismissing case for failure to prosecute); *Welch v. Walton CI*, Case No. 3:13-cv-430-LC-CJK (N.D. Fla. 12/9/13) (dismissing case for abuse of the judicial process for failure to disclose cases); *Welch v. Whistler*, Case No. 1:14-cv-111-MP-GRJ (N.D. Fla. 12/11/14) (dismissing case as frivolous).  The Court has confirmed that the Plaintiff in the instant case is the same as in the prior cases, having DOC #G05492.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*,

2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, even if the Court gave Plaintiff the benefit of the doubt that the "2007" case referenced in the complaint is the 2009 case (dismissed in 2011) identified above, Plaintiff's responses regarding that case and the 2013 case are wholly inadequate to satisfy the disclosure requirement.   Further, Plaintiff completely failed to identify the 2014 case that was dismissed as frivolous and therefore counts as a "strike".  Plaintiff represented in the Complaint that he thought there was an additional case but, at age 37, he was becoming forgetful.  ECF No. 1 at 5.  The Court finds this representation to be insufficient to excuse Plaintiff's lack of

candor.  The undisclosed 2014 case was filed and dismissed fairly recently, and Plaintiff previously was sanctioned with a dismissal in 2013 for failing to truthfully disclose his filing history.

The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for abuse of the judicial process.

**IN CHAMBERS** this 15th day of February 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**